UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN RODRIGUEZ CHAVARRIA,<br><br>                               Petitioner,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, et al.,<br><br>                              Respondents. | Case No.: 25-CV-3655 JLS (SBC)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

      Presently before the Court is Petitioner Jonathan Rodriguez Chavarria's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents Gregory Archambeault's (Field Office Director of Enforcement and Removal Operations), Kristi Noem's (Secretary of the U.S. Department of Homeland Security), Pamela Bondi's (Attorney General of the United States), and Christopher LaRose's (Warden, Otay Mesa Detention Facility) (collectively, "Respondents") Return in Opposition to the Habeas Petition ("Ret.," ECF No. 5). *See generally* Docket.

      Petitioner, a Mexican national, alleges that he has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Otay Mesa Detention Facility since July 2, 2025, when he was arrested in Costa Mesa,

California. Pet. at 7. On July 25, 2025, Petitioner was given a bond hearing and ordered to be released on $1,500 bond. *Id.* at 4, Ex. 4. DHS appealed the bond decision, and pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), the Board of Immigration Appeals reversed the grant of bond concluding Petitioner was no longer eligible for bond as an "applicant for admission." *Id.* at 7. Petitioner argues that after the decision in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), he is entitled to release on his previous grant of bond or at least a new bond hearing. *Id.* at 10. The Court agrees.

Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1] Ret. at 1. Because of this, Respondents "acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and are entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." *Id.* Therefore, the Petition (ECF No. 1) is **GRANTED** in part. As Petitioner was previously ordered release on $1,500 bond, the Court **ORDERS** Petitioner's release subject to the same bond and conditions of release as ordered by the immigration judge on July 25, 2025. *See Rodriguez v. LaRose*, 25-CV-2940-RBM-JLB, 2025 WL 3456475, at *5 (S.D. Cal. Dec. 2, 2025) (releasing petitioner on the same bond and conditions of his previously ordered bond).

**I. Attorney's Fees**

Petitioner's counsel requests costs and attorney's fees in this action pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412. Pet at 10. The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an

---

[1] On December 18, 2025, the *Bautista* court entered final judgment finding that July 8, 2025, DHS Notice redefining who is considered an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A), is unlawful under the Administrative Procedure Act. *Maldonado Bautista*, No. 25-CV-1873-SSS-BFM, ECF No. 94.

> itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** in part Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to immediately **RELEASE** Petitioner from custody subject to the same bond and conditions of release as ordered by the Immigration Judge on July 25, 2025.  The Parties are **ORDERED** to file a Joint Status Report by <u>December 30, 2025</u>, confirming that Petitioner has been released.

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.  Petitioner's attorney is directed to submit an attorney fee application and corresponding billing records within <u>thirty (30) days</u> of this Order, and Respondents are instructed to file any opposition within <u>fourteen (14) days</u> of Petitioner's attorney fee application.

**IT IS SO ORDERED.**

Dated:  December 24, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge